**UNITED STATES of America, Plaintiff,**

v.

**John W. MARSH, et al., Defendants.**

No. 99–00355 SOM.

United States District Court,
D. Hawaii.

Aug. 2, 2000.

Michael Chun, Office of the United States Attorney, Honolulu, HI, Bernard J. Knight, Jr., U.S. Department of Justice, Washington, DC, for plaintiff.

Stephen P. Pingree, Richard P. McClellan, III, Russell W.O. Lum, Ashford & Wriston, Honolulu, HI, for defendants.

*ORDER REGARDING IN CAMERA REVIEW OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS*

YAMASHITA, United States Magistrate Judge.

On May 19, 2000, Defendants John W. Marsh, Sean Marsh and Heather Marsh as Trustees of the Marsh Trust (collectively "Defendants"),[1] filed a Motion for a Protec-

---

**1.** Although Bank of Hawaii is a named co-defen-      dant in this case, it filed a statement of no

tive Order ("Motion for Protective Order"). In the Motion for Protective Order, Defendants requested that this Court issue an order providing that materials responsive to Plaintiff United States of America's ("Plaintiff") Second Request for Production of Documents Nos. 1–3 shall not be subject to discovery.[2] Because the requested documents were reasonably calculated to lead to the discovery of admissible evidence and said documents were not claimed to be privileged, this Court issued an Order Denying Defendants' Motion for Protective Order ("underlying Order"). This Order was stayed for 10 days to allow Defendants time to file an appeal.

On June 19, 2000, Defendants filed an Appeal and Request for Reconsideration of Magistrate Judge's Order Denying Defendants' Motion for Protective Order ("Request for Reconsideration").[3] On June 26, 2000, Plaintiff filed a Response to the Request for Reconsideration, to which Defendants filed a Reply on June 29, 2000. Finding no basis for reconsideration, this Court denied Defendants' Request for Reconsideration on June 30, 2000 ("Reconsideration Order").

Defendants appealed both Orders. On July 18, 2000, United States District Judge Susan Oki Mollway issued an Order Denying Without Prejudice Defendants' Appeal From Magistrate Judge's Order Denying Defendants' Motion for Protective Order and Order Denying Defendants' Appeal and Request for Reconsideration ("Order"). In the Order, the district court denied Defendants' appeal of this Court's prior orders as premature. Defendants were directed to submit to this Court, for in camera review, the three withheld documents responsive to Plaintiff's Second Request for Production of Docu-

ments. After its in camera review, this Court was directed to "indicate in writing whether review of these documents affects the Orders being appealed, and if it does, in what way." (Order at 2). Defendants submitted said documents to this Court on July 24, 2000.

■ The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993); *see* Fed.R.Civ.P. 26(b). However, the right of a party to obtain discovery is not unlimited. A discovery request must be "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *see Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) ("The requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.").

■ Upon review of the three documents, this Court finds that the discovery sought by Plaintiff is within the scope of Rule 26(b). Not only are the documents responsive to Plaintiff's discovery request, Defendants have not asserted that said documents are privileged. Under the broad scope of discov-

position as to the motion for protective order and the subsequent appeal. Additionally, on July 20, 2000, a stipulation was signed and approved excusing Bank of Hawaii from participating at trial.

**2.** Plaintiff's Second Request for Production of Documents sought production of the following:

1. Any deeds or other documents of conveyance transferring property held in the name of the trust or another person or entity since 1994.

2. The deed or other document transferring the property described in Government Exhibit 12

attached from trust to Stephen Pingree or any other party.

3. Any documents establishing the consideration paid by Stephen Pingree or such other party for the transfer of the property described in Government Exhibit 12 attached hereto.

4. Any documents that defendants Sean Marsh and Heather Marsh, Trustees for the Marsh Trust and John Marsh intend to offer into evidence at the trial in this matter.

**3.** The district court construed this filing as a motion for reconsideration without prejudice to their right to appeal.

ery, the documents are reasonably calculated to lead to the discovery of admissible evidence. Though not necessarily admissible, this Court finds that the three documents are discoverable. In addition, after in camera review, this Court also finds that a protective order as to these documents is unjustified. *See* Fed.R.Civ.P. 26(c). Based on the foregoing, this Court affirms its underlying Order and Reconsideration Order in their entirety.[4]

IT IS SO ORDERED.

**4.** This Court shall place the documents submitted for in camera review in the court file, under seal, should review of this decision be requested.